IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA

v.   4:07-CR-00174-01-BRW
     4:12-CV-00067-BRW

TIMOTHY DANIELS

## ORDER

Pending is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Doc. No. 110). The Motion is DENIED.

### I.   BACKGROUND

On March 31, 2009, a jury found Petitioner guilty of being a felon in possession of a firearm and ammunition, a violation of 18 U.S.C. §§ 922(g)(1) and 924(e).[1] On January 28, 2010, Petitioner was sentenced to 216 months in prison, followed by 5 years supervised release.[2] Petitioner appealed; the Court of Appeals for the Eighth Circuit affirmed his sentence on November 29, 2010.[3] Petitioner sought a writ of certiorari from the United States Supreme Court, but it was denied on April 20, 2011.[4]

On February 15, 2012, I entered an Order denying all of Petitioner's claims set forth in his § 2255 Motion except his claim that the indictment was duplicitous.[5] I asked the

---

[1] Doc. No. 74.

[2] Doc. No. 96.

[3] Doc. No. 105.

[4] Doc. No. 109.

[5] Doc. No. 116.

1

Government to address whether the decision in *United States v. Walker* supported Petitioner's claim.[6]  The Government responded on March 2, 2012.[7]

## II.  DISCUSSION

Petitioner argues that because he was charged in Count One of the Indictment of being both a felon in possession of a firearm and a felon in possession of ammunition, this violates the double jeopardy clause, and that his counsel's failure to object violated his constitutional right to effective counsel.  While this argument does not raise a double jeopardy question, it does raise an issue of whether the charge was duplicitous.

To prevail on a claim of ineffective assistance of counsel, Petitioner must first show that his counsel's performance fell below an objective standard of reasonableness.[8]  Petitioner must identify the acts or omissions of counsel that are alleged to have been the result of unreasonable professional judgment.[9]  The court then must determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.[10]  Petitioner faces a great burden in that "judicial scrutiny of a counsel's performance is highly deferential" and "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."[11]

---

[6] *Id.*

[7] Doc. No. 119.

[8] See *Strickland v. Washington*, 466 U.S. 668, 688 (1984); *Larson v. United States*, 833 F.2d 758, 759 (8th Cir. 1987).

[9] *Strickland*, 466 U.S. at 690.

[10] *Id.*

[11] *Strickland*, 466 U.S. at 689; *Driscoll v. Delo*, 71 F.3d 701, 706 (8th Cir. 1995).

Even if a court finds deficient performance of counsel, the petitioner must also establish prejudice.[12] To establish prejudice, a petitioner must demonstrate that, but for his counsel's errors, there is a reasonable probability the result of the proceeding would have been different.[13]

So, the test has two parts: (1) deficient performance, and (2) prejudice. If Petitioner fails to establish either part of this test, I need not consider the remaining part of the test.

In *United States v. Walker*, the Eighth Circuit held that "the simultaneous possession of a firearm and ammunition comprise[s] two separate offenses under 18 U.S.C. § 922(g)(1)."[14] The Government concedes that the indictment was duplicitous.[15] Therefore, I find that counsel's failure to object to the indictment being duplicitous was deficient.

I now must determine whether Petitioner was prejudiced by the deficiency. Based on the evidence presented at trial, I cannot find that had Petitioner's counsel objected to the duplicitous indictment the results of the proceeding would have been different.[16] As the Government discusses, had Petitioner's counsel objected, they would have "superseded and charged the defendant in two separate counts with felon in possession of a firearm and with felon in possession of ammunition."[17] Furthermore, on appeal the Eighth Circuit found there was sufficient evidence to support Petitioner's conviction. The Court stated:

---

[12] *Strickland*, 466 U.S. at 694.

[13] *Id*. (where "reasonable probability" is "a probability sufficient to undermine confidence in the [proceeding's] outcome."); *Larson*, 833 F.2d at 759.

[14] 380 F.3d 391, 392 (8th Cir. 2004).

[15] Doc. No. 119.

[16] See *United States v. Williams*, No. 00-CR-172(1) 2005 WL 1459638, at *2 (June 21, 2005) (discussing that even if "count two [was] duplicitous, which is doubtful, Williams is unable to show any actual prejudice from his attorney's failure to argue the point.").

[17] *Id*.

[a]t trial, Officers Crater and Rhoden testified that Hayes and Daniels fit witnesses' descriptions of the two individuals who caused the armed disturbance. The officers testified that they found thirteen CCI brand .40 caliber bullets in Daniels' pocket. Officer Rhoden testified that the gun held eleven bullets, but only contained nine CCI brand .40 caliber bullets when it was recovered. Hayes testified that Daniels shot at him twice and then Daniels threw the gun in the ditch. This evidence is sufficient for a reasonable jury to conclude that Daniels knowingly possessed the firearm, and we affirm the conviction.[18]

Based on the sufficiency of the evidence and the failure of Petitioner to prove how he was actually prejudiced by his counsel's deficient performance, I find that Petitioner has failed to prove the prejudice prong.

## CONCLUSION

Based on the findings of fact and conclusions of law above, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. No. 110) is DENIED.

IT IS SO ORDERED this 7th day of March, 2012.

/s/Billy Roy Wilson
UNITED STATES DISTRICT JUDGE

---

[18] *United States v. Daniels*, 625 F.3d 529, 533 (8th Cir. 2010).